IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. LEE, | ) | CASE NO. 1:04 CV 2169 |
| | ) | |
| Petitioner, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| JULIUS WILSON, Warden, | ) | |
| | ) | **AMENDED MEMORANDUM** |
| Respondent. | ) | **OPINION & ORDER** |

Before me is the State's motion to alter or amend[1] the judgment of August 31, 2007 granting a conditional writ of habeas corpus to Robert J. Lee.[2] For the reasons that follow, I find the State's motion well-taken and amend the judgment accordingly.

In its motion, the State does not contest the finding that Lee's appellate attorney was constitutionally ineffective in failing to notify Lee of the decision in his state appeal as of right, thereby causing Lee to untimely file his discretionary appeal with the Ohio Supreme Court.[3] The State argues, however, that a conditional writ is not the appropriate remedy; instead, the Court should find that Lee had overcome a procedural default and then consider the merits of his petition.[4]

---

[1] ECF # 32.

[2] ECF # 31.

[3] ECF # 32 at 2.

[4] *Id.* at 7.

Fundamentally, the issue here is one of exhaustion.  By untimely raising his claims before the Ohio Supreme Court, Lee had not allowed Ohio one full round of its established appeals process to correct any federal constitutional errors before submitting those alleged errors to a federal habeas court.[5]  To facilitate exhaustion, this Court issued a conditional writ, which would become effective only if the Supreme Court did not recognize Lee's appeal as timely filed.[6]  By this writ I did not intend to influence how the Supreme Court would proceed on Lee's appeal.  I anticipated that the Court would, at its discretion, dismiss the appeal for want of a substantial federal question or decide the case on the merits.  Either way, complete exhaustion of all claims in the federal habeas petition would occur.

The State's request to have the failure to exhaust here excused so that this Court can reach the merits of Lee's petition without prior consideration by the Ohio Supreme Court requires a predicate finding that the State has waived the affirmative defense of exhaustion.[7]  In that context, however, the Supreme Court of the United States recently noted that the "AEDPA forbids a finding that exhaustion has been waived unless the State expressly waives the requirement."[8]

---

[5] *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

[6] ECF # 31.

[7] *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 919 (2007);  *Banks v. Dretke*, 540 U.S. 668, 705 (2004).  Exhaustion and procedural default are affirmative defenses.

[8] *Banks*, 540 U.S. at 705.  This requirement that the state must "expressly waive" any exhaustion requirement on the petitioner before a federal habeas court may reach the merits appears to differ from the situation in a procedural default, where the Supreme Court has held that a federal habeas court may overlook the default and reach the issue on the merits if the matter is "easily resolvable against the petitioner, whereas the procedural-bar issue involve[s] complicated issue of state law." *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

Prior to the motion to alter or amend, the State had not recognized that the ineffectiveness of Lee's counsel had created an exhaustion issue, let alone "expressly waived" the exhaustion requirement in Lee's case.  Accordingly, at the time it was issued, the conditional writ was the only proper remedy available in this case.

The State's preference in its current motion that this Court not require that the Ohio Supreme Court be afforded the chance to consider or reject Lee's appeal, but that this Court immediately proceed to "address the merits of his claims,"[9] does now constitute an express waiver of the exhaustion requirement mandated by *Banks* and so provides a basis for amending the judgment accordingly.  Therefore, the prior judgment entry of August 31, 2007[10] is hereby amended to vacate the conditional writ.  The memorandum opinion and order of August 31, 2007,[11] is also amended to the extent that it provides for a conditional writ as a remedy herein.

At a status conference held on September 24, 2007, counsel agreed that this Court should proceed to consider *de novo* ground one of the petition, which challenges the sufficiency of the evidence supporting Lee's conviction for felonious assault and domestic violence.  Counsel also agreed that ground two of the petition, which challenges the manifest weight of the evidence, is not a cognizable federal habeas claim.

---

[9] ECF # 32 at 7.

[10] ECF # 31.

[11] ECF # 30.

-3-

-4-

Lee must file a brief in support of ground one of the petition by October 24, 2007. The State must submit its brief in opposition to ground one by November 26, 2007. Lee may file a reply brief by December 10, 2007.

IT IS SO ORDERED.


Dated:   September 25, 2007            <u>s/ William H. Baughman, Jr.</u>
                                                      United States Magistrate Judge