IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. LEE, | ) | CASE NO. 1:04 CV 2169 |
| | ) | |
| Petitioner, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| JULIUS WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

## Introduction

Before me by consent[1] is the petition for a writ of habeas corpus of Robert J. Lee.[2]

This matter has had an extensive history and that history is well-documented in previous

filings.[3]  The end of that process is that ground one of Lee's petition, which is his only

---

[1] ECF # 29.

[2] ECF # 1.  Lee originally filed this petition *pro se*, but is now represented by the
Federal Public Defender.  *See*, ECF # 18.

[3] *See*, ECF # 31 (Memorandum Opinion and Order of August 31, 2007) setting forth
the full history of the case and granting a conditional writ; ECF # 32 (state's motion to alter
or amend) waiving Lee's failure to exhaust; ECF #32 (amended Memorandum Opinion and
Order) vacating conditional writ on basis of state's express waiver of non-exhaustion and
acknowledgment of both parties at status conference that only ground one remains as an
unresolved claim.  Each party then submitted briefs regarding the merits of Lee's first ground
for habeas relief.  ECF # 40 (state) and ECF # 41 (Lee).

remaining claim, is now ready for adjudication.[4]  For the reasons that follow, I find that Lee's

sole claim here – that his convictions for domestic violence and felonious assault were not

supported by sufficient evidence at trial – is not established by the record and thus his

petition should, therefore, be denied.  His attempt to insert a claim, subsequent to the filing

of this petition, concerning an alleged lack of sufficient evidence to support his conviction

for retaliation, is an unexhausted claim, but does not require treatment of the entire petition

as a mixed petition inasmuch as the petition, as filed, is properly exhausted and, since no

motion to amend has been made, the purportedly additional claim is not before me.

## Facts

### 1.  Underlying facts and state proceedings

As is more fully set forth in an earlier Memorandum Opinion and Order,[5] Lee was

indicted on three charges, including one count of domestic violence against Elizabeth Suster

or "Beth," with the additional specification that he had previously been convicted of

---

[4] Lee is now no longer subject to any post-release sanctions.  As such, the state advances an argument for mootness, ECF # 40 at 2-4, but recognizes that, in light of this Court's decision in *Kiriazis v. Polito*, No. 1:05-cv-2227, 2006 WL 1620217, at *1 (N.D. Ohio, June 7, 2006) (holding that the possibility of future adverse consequences flowing from a habeas petitioner's conviction and sentence supports a conclusion that, despite release, a petitioner's claims are not moot) Lee's claims here "are arguably not moot."  *See*, ECF # 40 at 3. Based on the same case (*Kiriazis*) cited by the State, I also conclude that Lee's conviction and sentence put him at jeopardy for future adverse consequences and so this matter is not moot.

[5] ECF # 30.

domestic violence.[6]  Further, he was charged with felonious assault against Beth and with retaliation against her for reporting a prior domestic violence incident involving Lee for which Lee had been incarcerated.[7]

After being convicted at a bench trial on all counts, Lee appealed, raising the grounds that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.[8]  Lee did not timely appeal this decision to the Ohio Supreme Court because, as this Court concluded earlier, his appellate counsel was ineffective in not transmitting the results of the direct appeal to Lee in a timely fashion.[9]  Lee thereupon attempted to reopen his direct appeal to assert multiple claims of ineffective assistance of counsel, was denied in this attempt, and failed to obtain a review of that denial in the Supreme Court of Ohio.[10]

---

[6] *Id*. at 2, citing state appellate opinion.

[7] *Id*.

[8] *State v. Lee*, No. 82326, 2003 WL 22411213, at **2, 4 (Ohio App. 8th Dist., Oct. 23, 2003).

[9] ECF # 30 at 15.  "[T]he performance of Lee's appellate counsel in waiting nearly a month to inform Lee of the result of his state appeal was objectively unreasonable, thus constituting constitutionally deficient assistance of counsel."

[10] *See*, ECF # 30 at 7-8.

2. **Initial federal habeas review**

Subsequent to the conclusion of the Ohio proceedings, Lee timely filed the present federal habeas petition.[11]  Here, he raised the arguments that (1) the trial court erred in not granting his motion to acquit on the charges of felonious assault and domestic violence, (2) his conviction for felonious assault was against the manifest weight of the evidence, and (3) his appellate counsel was ineffective in multiple ways.[12]

Following a response by the State, I concluded that Lee should be denied relief on his claims that his appellate counsel was ineffective in multiple ways.[13]  However, I also concluded that because Lee's appellate counsel had been deficient in not timely communicating the results of his direct appeal, thus costing Lee an appeal of that decision to the Ohio Supreme Court, Lee had not exhausted these claims and was entitled to a conditional writ such that relief would be granted unless the State permitted Lee to now file his motion for leave to appeal in the Ohio Supreme Court as if timely filed.[14]

3. **Subsequent actions**

The State thereupon sought to alter or amend my judgment granting Lee a conditional writ,[15] mistakenly assuming my Order required the Ohio Supreme Court to grant Lee's

---

[11] *Id.* at 8.

[12] *Id.* at 8-10.

[13] ECF # 30 at 24-41.

[14] *Id.* at 41.

[15] ECF # 32.

-4-

motion for leave to appeal instead of merely requiring that this motion be considered as timely filed; the final decision as to granting or denying it being the province of the Supreme Court of Ohio.  As I emphasized in granting in part the State's motion to alter or amend, the State had not previously waived  the requirement that Lee exhaust state remedies, which would have permitted consideration by this Court of the unexhausted claims.[16]  Thus, only when it did expressly waive that issue – as it did in its motion to alter or amend – could I vacate the conditional writ and proceed to consider the unexhausted claims.[17]

Accordingly, as stated, the parties agreed that: (1) I should consider otherwise unexhausted ground one of the petition challenging sufficiency of the evidence for Lee's convictions for felonious assault and domestic violence; and (2) recognize that the unexhausted claim of ground two, alleging that Lee's convictions were against the manifest weight of the evidence, does not state a cognizable ground for habeas relief.[18]  Pursuant to that Amended Order, the parties have each submitted briefs on whether Lee's convictions are supported by sufficient evidence.[19]

**4.      Current posture – jurisdiction, standard of review and relevant claims**

Initially, as noted earlier, both parties accept that although Lee has now been released from custody and from all post-release supervision, this Court still properly retains

---

[16] ECF # 34 at 3.

[17] *Id.* at 3-4.

[18] *Id*. at 3.

[19] ECF # 39 (Lee), # 40 (State),  # 41 (Lee reply).

jurisdiction inasmuch as adverse collateral consequences from his conviction and sentence could yet develop.[20]  In addition, because the claims that Lee's convictions for domestic violence and felonious assault were not supported by sufficient evidence were reviewed and rejected by a state appeals court,[21] both parties also agree[22] that Lee's habeas claim in this regard should be reviewed here, pursuant to the standard of *Williams v. Taylor*,[23] as a question of whether the state court decision was an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.[24]

The State also argues that Lee should not here be permitted to contest his conviction on the claim of retaliation, since he never specifically raised that as part of ground one of this petition, it was never presented to the state appeals court on direct appeal and was not part of Lee's motion to re-open that appeal.[25]  Lee, for his part, asserts that because his state appeal in this instance was grounded on a purported error by the trial court in denying his motion for acquittal on all charges, a trial motion which included the charge of retaliation within its scope, the fact that he did not specifically mention his retaliation conviction in his

---

[20] ECF # 39 (Lee) at 2, ECF # 40 (State) at 4 (citing *Kiriazis*, 2006 WL 1620217).

[21] *See*, *Lee*, 2003 WL 22411213, at **2, 4.

[22] ECF # 39 (Lee) at 4, ECF # 40 (State) at 5.

[23] *Williams v. Taylor*, 529 U.S. 362 (2000).

[24] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[25] ECF # 40 at 11-12.

recitation of ground one in this federal petition should not bar this Court from addressing an insufficiency claim as to that conviction.[26]

## 5.    The agreed-upon claims

### A.    *Domestic violence*

Lee essentially contends that there was insufficient evidence at trial to show that Beth was a "person living as a spouse" with Lee – an element required by statute to support a conviction for domestic violence – where the evidence established that Lee and Beth lived apart, meeting only on weekends at a motel to drink.[27]  The State, in response, asserts that Beth's testimony that she was in a five-year relationship with Lee beginning in 1997, establishes that regardless of how one characterizes the immediate situation at the time of the offense in 2002, Beth was "living as a spouse" with Lee within five years prior to the date of the offense.[28]

### B.    *Felonious assault*

Lee maintains that the evidence at trial did not prove, as the statute requires, that he "caused serious physical harm" to Beth.[29]  Specifically, he argues that the medical records of Beth's injuries do not describe any life-threatening, disfiguring or incapacitating injury,[30]

---

[26] ECF # 41 at 4.

[27] ECF # 39 at 6-7.

[28] ECF # 40 at 9-10.

[29] ECF # 39 at 8.

[30] *Id.* at 9.

and that, moreover, there is no conclusive evidence linking the injuries reported by Beth to any act by Lee.[31]  The State counters that the injury to Beth's face, which she testified was caused by Lee pressing on her face, was described in the hospital report as one where her nasal bone was "broken, splintered or crushed *into a number* of pieces,"[32] and that the conclusion of the appeals court that this was "serious physical harm" is a proper application of Ohio law that should not here be overturned.[33]

### 6.    Non-agreed to claim

As noted, Lee now claims that this Court should address the issue of whether his conviction for retaliation was supported by sufficient evidence, despite that he did not specifically make that claim as part of ground one of this petition, nor specifically argue that claim to either the state appeals court on direct appeal or in his motion to re-open his appeal. He argues here that his conviction on this charge was not supported by sufficient evidence in that, although Beth did testify at trial that Lee became angry with her on the date of the assault for reporting a prior incident of domestic violence to police, the evidence also showed that Beth was drunk that day and that the argument was about the "whole tenor of their relationship," not merely the previous reporting of an act of domestic violence.[34]

---

[31] *Id.* at 10.

[32] ECF # 40 at 11, quoting ECF # 39, Ex.1 (the hospital report) at 8 (emphasis added).

[33] *Id*. at 11.

[34] ECF # 39 at 10-11.

## Analysis

1.     **Standards of review**

A.     *Exhaustion/exceptions*

As a rule, state prisoners must first exhaust their available state court remedies before seeking federal habeas relief by first fairly presenting all such claims to state courts.[35] Normally, this requirement is satisfied when the petitioner fairly presents all his claims to the highest court of the state in which the petitioner was convicted, thereby giving the state one full round of its established review procedures to consider the petitioner's claims.[36]  If a petitioner presents an unexhausted claim to a federal habeas court while state remedies are available, that court, as a general rule, must dismiss the entire petition or stay the petition while the petitioner exhausts his claim in state court.[37]  A federal habeas court "can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to state courts."[38]

Because the exhaustion requirement is not jurisdictional,[39] there are limited "unusual" or "exceptional" circumstances by which a mixed petition may be considered by a federal

---

[35] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[36] *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

[37] *Rhines*, 544 U.S. at 275-76; *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

[38] *Harris v. Sherry*, No. 2:06-CV-214, 2007 WL 518837, at *1 (W.D. Mich., Feb. 15, 2007) (citations omitted).

[39] *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).

court on the merits.[40]  However, it is not clear that federal district courts, rather than appellate courts, have the authority to reach the merits of a mixed petition in such unusual or exceptional circumstances.[41]

Where a petitioner asserts a new, unexhausted claim during the course of his federal habeas proceeding, rather than in the original habeas petition, the district court need not treat the petition as a mixed petition, since the claims, as formed in the petition were actually exhausted, but may, essentially, ignore any attempt to obtain consideration of the post-filing unexhausted claim and review the otherwise properly exhausted claims of the petition.[42]

**B.      *Prior state court decision/unreasonable application of clearly established federal law***

28 U.S.C. § 2254(d)(1) provides that a federal habeas court shall not grant a writ with respect to any claim that was adjudicated on the merits in state court, unless that state court adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the decisions of the United States Supreme Court.

Under the "contrary to" clause of this statute, a federal habeas court may issue the writ only if the state court decision arrived at a conclusion opposite to that reached by the

---

[40] *Id.*

[41] *See*, *Harris*, 2007 WL 518837, at *6 (construing *Granberry v. Greer*, 481 U.S. 129 (1987) in light of *Pillette v. Foltz*, 824 F.2d 494 (6th Cir.1987)).

[42] *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984); *Razo v. Bradshaw*, No. 1:05-CV-1106, 2006 WL 1805896, at *2 (N.D. Ohio, June 29, 2006) (citing *Jones*, 734 F.2d at 1145).

-10-

Supreme Court on a question of law or if the state court decided the case differently from the Supreme Court on a set of materially indistinguishable facts.[43]

Under the "unreasonable application" clause, the federal court may grant habeas relief only if the state court identifies the correct governing principle of law from the decisions of the Supreme Court but unreasonably applies that principle to the facts of the petitioner's case.[44] The proper inquiry under this analysis is whether the state court decision was "objectively unreasonable," not merely whether it was erroneous or incorrect.[45]

## C.   *Sufficiency of the evidence*

As has been well-established by the Supreme Court, evidence is constitutionally sufficient to support a state conviction if, after viewing all the evidence and the inferences to be drawn from that evidence in the light most favorable to the state, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[46] This standard of review does not permit the federal habeas court to make its own subjective determination of guilt or innocence but fully acknowledges the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[47]

---

[43] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

[44] *Id.* at 407-08.

[45] *Id.* at 409-11.

[46] *Jackson v. Virginia*, 443 U.S. at 324.

[47] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

2. **Lee's claims concerning domestic violence and felonious assault made in ground one of this petition are denied inasmuch as the state court decision was not an unreasonable application of clearly established federal law.**

A. *Domestic violence*

As noted earlier, Lee now claims that the evidence supporting his convictions for domestic violence and felonious assault is constitutionally insufficient.  He argues first, with respect to domestic violence, that there was no proof, as mandated by statute, that he was "living as a spouse" with the victim within five years of the assault.  He argues further, as concerns the conviction for felonious assault, that there is not sufficient evidence to show that he inflicted "serious physical harm" on Beth, as is required by law.

The parties here do not dispute that the state appeals court correctly identified the controlling federal legal standard for analyzing claims of insufficient evidence articulated in *Jackson*,[48] but Lee contends that the Ohio court did not reasonably apply that standard in denying his claims.

The Ohio statute that establishes the crime of domestic violence defines a "person living as a spouse," and thus one who may be a victim of domestic violence, as "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, *or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act* in

---

[48] ECF # 39 at 4 (Lee); ECF # 40 at 5 (State).

question."[49]  Lee questions whether the victim's own testimony at trial that she and Lee "were together for five years" during which time they "lived together" is legally sufficient to establish that she was "living as a spouse to Lee" since there was no other documentary or testimonial evidence as to exactly what the couple's living arrangements were for the period before the year immediately prior to the assault when the couple saw each other only on weekends.[50]

The appeals court here did not refer to the fact that the victim had directly testified that she and Lee had lived together during the five years prior to the assault when they were "together."  Instead, the state court noted that (1) Lee and Beth spent weekends together in the year prior to the assault and (2) Lee had previously been convicted of domestic violence against Beth, thus, there was sufficient evidence, if believed by the jury, to support a conviction for domestic violence.

I note that, in addition to the evidence cited by the state court, and Beth's uncontested testimony, recounted earlier, about living with Lee during a five year relationship, the trial court also had before it a handwritten letter from Lee to Beth in which Lee himself reminds Beth that both times she called the police regarding his actions, she did so, according to Lee's own words, because "you were afraid *I was leaving you.*"[51]

---

[49] Ohio Rev. Code § 2919.25(F)(2) (emphasis added).

[50] ECF # 39 at 6.

[51] *See*, ECF # 30 at 4, quoting state court decision quoting letter from Lee to Beth. (Emphasis added.)

-13-

Moreover, I also note that Lee has not presented any legal authority or rational basis for the unstated premise of his central argument that a regular pattern of living separately at a job site during the workweek, but faithfully coming back together on weekends – a not-unknown practice of many married couples with jobs in different cities – is, of itself, wholly incompatible with a conclusion that a couple is living together as spouses.  Indeed, such arrangements may be more necessary when, as here, financial resources and employment choices for the couple are severely limited.  To suggest, as Lee appears to, that this arrangement *per se* is not indicative of a recognized protected spousal relationship because the couple did not have a permanent weekday residence, but instead were only able to regularly live together on weekends in a motel,[52] would place an unwarranted extra-statutory economic and social constraint on the law's protection of all unmarried women living as a spouse under similar circumstances.

Taken together, (1) Lee's letter characterizing his relationship with Beth as spousal; (2) Beth's uncontested testimony that she and Lee lived together during a five-year relationship; (3) the fact that Lee had already been convicted of domestic assault against Beth; and (4) the evidence that Lee and Beth, regardless of their workweek schedule, regularly spent weekends living together all provide sufficient evidentiary support, when all permissible inferences are drawn in favor of the State, for Lee's conviction for domestic violence according to the Ohio statute.

_____

[52] ECF # 39 at 6-7.

-14-

In sum, I find that the state court's decision here was not an unreasonable application of clearly established federal law, and thus, Lee's claim as it concerns his conviction for domestic violence is denied.

**B.      Felonious assault**

As discussed, Lee claims here that his conviction for felonious assault was not supported by sufficient evidence because, despite the statutory requirement that the perpetrator inflict "serious physical harm" on the victim, there (1) was no proof at trial that he ever inflicted any harm on Beth and (2) the injuries Beth incurred a week before seeking medical treatment were not "serious physical harm" because there were no disfigurement, no scars, and no prolonged pain from those injuries.[53]

The state appeals court, in denying Lee's claim, noted that "serious physical harm" as used in the felonious assault statute is defined as (1) a harm that causes "some temporary, substantial incapacity," or (2) harm that results in "substantial suffering or that involves any degree of prolonged or intractable pain."[54]  The state court went on to observe that, under Ohio law, where the injuries are severe enough to cause the victim to seek medical attention, the fact finder may reasonably infer that serious physical harm was done for purposes of the felonious assault statute.[55]  In addition, the Ohio appeals court also stated that, pursuant to

---

[53] *Id*. at 8-9.

[54] Ohio Rev. Code § 2903.11, quoted in *Lee*, 2003 WL 22411213, at *3.

[55] *Id*. (citations omitted).

-15-

Ohio law, when an assault causes a bone fracture, the element of serious physical harm under the felonious assault statute is met.[56]

The state court then concluded that there was evidence at trial that (1) Lee struck Beth in the head, straddled her and pressed his hands over her nose; (2) Beth sought medical treatment for worsening symptoms she attributed to this attack; and (3) she was, in fact, diagnosed with a broken nasal bone.[57]  In addition, the trial court also had the letter, referred to earlier, from Lee to Beth in which Lee suggests that Beth lie about how she was injured.[58] Beth's testimony that Lee was responsible for her injuries, along with Lee's letter suggesting that she lie about it, as well as the uncontroverted medical report that Beth had a nasal bone "broken, splintered and crushed into a number of pieces,"[59] was, in the judgment of the state court, evidence "if believed, [which would] convince the average mind of the defendant's guilt of felonious assault beyond a reasonable doubt and [would be such] that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[60]

Inasmuch as the appeals court properly used *Jackson* to analyze this claim, and since it is not the province of this Court to substitute its judgment on credibility for that of the fact

---

[56] *Id.* (citations omitted).

[57] *Id.*

[58] *Id.*

[59] ECF # 39 at 8, quoting trial exhibit.

[60] *Lee*, 2003 WL 22411213, at *3.

-16-

finder, I must conclude that the Ohio court's denial of this claim was not an unreasonable

application of clearly established federal law.  Lee's claim here must be denied.

**C.     Lee's claim concerning his conviction for retaliation was first presented after his federal habeas petition was filed and so is non-exhausted, but (1) does not require treating the entire petition as a mixed petition and (2) may not here be addressed on the merits.**

As the State observes, Lee did not raise the argument that his conviction for retaliation

was not supported by sufficient evidence before either the Ohio appeals court on direct

appeal or in his application to reopen the appeal, nor did he present that argument to this

Court in his original habeas petition.[61]  Lee essentially concedes that he did not raise this

argument before the Ohio courts, nor in his original federal habeas petition, but argues that

because the root of ground one here is an alleged error in the trial court's denial of Lee's

motion to acquit, and that motion included the charge of retaliation, "the fact that Mr. Lee

failed to mention the conviction for retaliation in his longer description of ground one should

not preclude him from raising it here."[62]

Notwithstanding Lee's contention, a fundamental principle of fairly presenting a claim

to the courts, an element of the exhaustion requirement, is that the federal habeas claim must

---

[61] ECF # 40 at 11-12.

[62] ECF # 41 at 4.

-17-

be the same claim and the same theory as that presented to the state courts.[63]  Regardless of whether there is somewhere a nexus between the claims, Lee's assertion here, made subsequent to filing his federal habeas petition, that his conviction for the crime of retaliation was not supported by sufficient evidence is wholly separate and distinct from his claims made to the state appeals court that his convictions for the other crimes of domestic violence and felonious assault were unsupported by sufficient evidence.  These claims involve different crimes, with different elements and require different analyses.

Since Lee has not exhausted the putative ground for relief that his conviction for retaliation was not supported by sufficient evidence by fairly presenting it to Ohio courts, this Court might be confronted by a mixed petition.  However, the plain wording of the petition here does not warrant treating that pleading as a mixed petition. Given the record in the state court proceedings, in which Lee utterly failed to make any challenge to the conviction for retaliation, I cannot accept the argument that his federal habeas petition as filed contains an implied challenge to that conviction.  Rather, his now asserted attack on the conviction for retaliation constitutes a new ground for relief raised during the course of these habeas proceedings.

---

[63] *Coleman v. Mitchell,* 268 F.3d 417, 440 (6th Cir. 2001); *Pillette v. Foltz,* 824 F.2d 494, 496 (6th Cir. 1987) (federal habeas claim of ineffective assistance of counsel alleging failure to object to expert's testimony not fairly presented by state claim of ineffective assistance of counsel alleging failure to challenge legality of arrest, failure to object to jury instructions, and failure to make double jeopardy argument).

The Sixth Circuit in *Jones* has clearly stated that a district court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings."[64]

## Conclusion

For the foregoing reasons, the petition of Robert J. Lee for a writ of habeas corpus is denied.

IT IS SO ORDERED.

Dated:   April 16, 2008                                         s/ William H. Baughman, Jr.
                                                                            United States Magistrate Judge

---

[64] *Jones*, 734 F.2d at 1145.